Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
8100 E. Indian School Road
Suite 103
Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

**Deoncea O'Neal,** and **Ryan White**, Individually, and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

**America's Best Tire, LLC**, an Arizona limited liability company; **Camelback Automotive Repair, LLC**, an Arizona limited liability company; **America's Best Tire Grand, LLC**, an Arizona limited liability company; **America's Best Tire Glendale, LLC**, an Arizona limited liability company; **America's Best Tire 203, LLC**, an Arizona limited liability company; **America's Best Tire 101, LLC**, an Arizona limited liability company; **America's Best Employment Services, LLC**, an Arizona limited liability company; **America's Best Wholesale Tire, LLC**, an Arizona limited liability company; **America's Best Tire Mesa, LLC**, an Arizona limited liability company; **America's Best Transportation Services, LLC**, an Arizona limited liability company; **America's Best Tire Peoria, LLC**, an Arizona limited liability company; **America's Best Tire Buckeye, LLC**, an Arizona limited liability company; **America's Best Tire Van Buren, LLC**, an Arizona limited liability company; **America's Best Wholesale Tire Tucson, LLC**, an Arizona limited liability company; **America's Best Tire Wholesale Tire LV, LLC**, an Arizona limited liability

No. _____

**COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201, *ET SEQ.***

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

company; **AZ Best Automotive, LLC**, an Arizona limited liability company; **AZ Best Tire 4097, LLC**, an Arizona limited liability company; **Arizona Best Tire Services, LLC**, an Arizona limited liability company; **AZ Best Tire 3902, LLC**, an Arizona limited liability company; **AZ Best Tire, LLC**, an Arizona limited liability company; **AZ Best Tire 7048, LLC**, an Arizona limited liability company; **AZ Best Tire 8334, LLC**, an Arizona limited liability company; **Arizona Best Mobile Tire Services, LLC**, an Arizona limited liability company; **AZ Best Tire & Auto 1355, LLC**, an Arizona limited liability company; **AZ Best Tire 5201, LLC**, an Arizona limited liability company; **Travis M. Dees and Jane Doe Dees**, husband and wife, Arizona residents; **Andrew Dees and Jane Doe Dees**, husband and wife, Arizona residents,

Defendants.

Plaintiffs, Deoncea O'Neal ("Plaintiff O'Neal") and Ryan White ("Plaintiff White") (collectively "Plaintiffs"), individually, and on behalf of all other persons similarly situated who are current or former tire porters and/or crew members of Defendants ("Collective Members") allege as follows:

## **PRELIMINARY STATEMENT**

1.     Plaintiffs and the Collective Members are current and former employees of Defendants and bring this action on behalf of themselves and all similarly-situated current and former tire porters and/or crew members who were compensated on an hourly basis, and who were not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

ZOLDAN LAW GROUP, PLLC

8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

2.      Plaintiffs and the Collective Members bring this action against America's Best Tire[1] for its unlawful failure to pay overtime and minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

3.      This is an action for equitable relief, minimum wages, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

4.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of the Plaintiffs and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7.      At all relevant times to the matters alleged herein, Plaintiffs Deoncea O'Neal and Ryan White resided in the State of Arizona in Maricopa County.

ZOLDAN LAW GROUP, PLLC

8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

---

[1]      For simplicity purposes, all Defendants to this action shall be collectively referred to as either "America's Best Tire" or "Defendants" unless specified otherwise.

8.     At all material times, Plaintiff O'Neal was a full-time, non-exempt employee of America's Best Tire on or around May 2012 until on or around December 2014.

9.     At all relevant times, Plaintiff O'Neal was employed to perform various tasks during his tenure at America's Best Tire, such as cashiering, installing tires on cars, washing and painting tires, stacking tires in the yard, organizing tires, cleaning the shop, doing yard work, and generally helping customers.

10.     At all relevant times, Plaintiff O'Neal was an employee of America's Best Tire as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

11.     At all material times, Plaintiff White was a full-time, non-exempt employee of America's Best Tire on or around April 2012 until on or around February 2014.

12.     At all relevant times, Plaintiff White was employed to perform various tasks during his tenure at America's Best Tire, such as cashiering, installing tires on cars, washing and painting tires, stacking tires in the yard, organizing tires, cleaning the shop, doing yard work, and generally helping customers.

13.     At all relevant times, Plaintiff White was an employee of America's Best Tire as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

14.     Plaintiffs have given their written consent to be party Plaintiffs in this action pursuant to U.S.C. § 216(b), true and accurate copies of which are appended hereto.

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

15.     Plaintiffs bring this case on behalf of themselves and on behalf of all other persons similarly situated who are current or former tire porters of Defendants who agree in writing to join this action seeking recovery under the FLSA.

16.     Plaintiffs bring this action on behalf of themselves and all other similarly situated current and former employees– specifically, tire porters and/or crew members of Defendants that were not paid one-and-one-half times their regular rates of pay for all time worked in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work, whether on the clock or off the clock, after regular business hours at home, and/or on weekends (the "Collective Members").

17.     The Collective Members are all current and former tire porters and/or crew members who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

18.     Defendant America's Best Tire, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

19.     Defendant Camelback Automotive Repair, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

20.     Defendant America's Best Tire Grand, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

21.     Defendant America's Best Tire Glendale, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

22.     Defendant America's Best Tire 203, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

23.     Defendant America's Best Tire 101, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

24.     Defendant America's Best Employment Services, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

25.     Defendant America's Best Wholesale Tire, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

26.     Defendant America's Best Tire Mesa, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

27.     Defendant America's Best Transportation Services, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

28.     Defendant America's Best Tire Peoria, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

29.     Defendant America's Best Tire Buckeye, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

30.     Defendant America's Best Tire Van Buren, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

31.     Defendant America's Best Wholesale Tire Tucson, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

32.     Defendant America's Best Wholesale Tire LV, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

33.     Defendant AZ Best Tire 4097, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

34.     Defendant Arizona Best Tire Services, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd., Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

35.     Defendant AZ Best Tire 3902, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

36.     Defendant AZ Best Tire, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

37.     Defendant AZ Best Tire 7048, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

38.     Defendant AZ Best Tire 8334, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

39.     Defendant Arizona Best Mobile Tire Services, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

40.     Defendant AZ Best Tire & Auto 1355, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

41.     Defendant AZ Best Tire 5201, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

42.     Defendant Travis M. Dees and Jane Doe Dees are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action

as to which their marital community is fully liable. Travis M. Dees is the Owner of America's Best Tire and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d). Jane Doe Dees is the Owner of America's Best Tire.

43.     Under the FLSA, Defendants Travis M. Dees and Jane Doe Dees are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Travis M. Dees and Jane Doe Dees are the owner of America's Best Tire. They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with America's Best Tire. As persons who acted in the interest of America's Best Tire in relation to the company's employees, Travis M. Dees and Jane Doe Dees are subject to individual liability under the FLSA.

44.     Defendant Andrew Dees and Jane Doe Dees are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action as to which their marital community is fully liable. Andrew Dees is the Owner of America's Best Tire and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d). Jane Doe Dees is the Owner of America's Best Tire.

45.     Under the FLSA, Defendants Andrew Dees and Jane Doe Dees are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Andrew

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

Dees and Jane Doe Dees are the owner of America's Best Tire. They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with America's Best Tire. As persons who acted in the interest of America's Best Tire in relation to the company's employees, Andrew Dees and Jane Doe Dees are subject to individual liability under the FLSA.

46.     Further, at all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose.

47.     Defendants operate a chain of stores that sell or otherwise distribute new and used automobile tires to consumers under the assumed names of "America's Best Tire" and "AZ Best Tire." Indeed, they advertise themselves as such on their website. Defendants operate each America's Best Tire and AZ Best Tire almost identically, and their customers can expect the same kind of customer service regardless of the location.

48.     Defendants represent themselves to the general public as either "America's Best Tire" or "AZ Best Tire"–operating at multiple locations.  According to the Arizona Corporation Commission website, "AZ Best Tire" is a trade name owned by America's Best Tire, LLC.  Defendants share employees, have a common management, pool their resources, operate from the same headquarters, have common ownership, and have the same operating name. This is a family of tire stores that provides the same array of services to its customers and uses the same business model. The "AZ Best Tire" and

"America's Best Tire" family of tire stores exist under the control and direction of Defendants. The family of tire stores provides the same services and products to its customers by using a set formula when conducting its business. Part of that set formula is the wage violation alleged in this Complaint. These facts represent a classic example of "corporate fragmentation."

49.     Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

50.     Defendants, and each of them, are sued in both the individual and corporate capacities.

51.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs and the Collective Members.

52.     Plaintiffs and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000.

## COLLECTIVE ACTION ALLEGATIONS

53.     Plaintiffs Deoncea O'Neal and Ryan White bring this action pursuant to 29 U.S.C. § 216(b) on their own behalves and as representatives of individuals similarly situated who are current or former tire porters and/or crew members of Defendants, who are not or were not paid one-and-one-half times their regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work, in violation of 29 U.S.C. § 207(a), and who agree in writing to join this lawsuit seeking recovery under the FLSA.

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

54.   At all relevant times, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay and one-and-one-half times Plaintiffs' and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work. Plaintiffs' claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs are identical or substantially similar.

55.   Plaintiffs and the Collective Members were each compensated exclusively on an hourly basis for the duration of their employment with America's Best Tire.

56.   In a given workweek of Plaintiffs' and the Collective Members' employment with Defendants, Plaintiffs and the Collective Members worked more than forty (40) hours without being compensated for the hours worked in excess of forty (40) during that workweek.

57.   Plaintiffs and the Collective Members all worked subject to America's Best Tire's policy of paying only straight time for all hours worked in excess of 40 hours per regular workweek, rather than the FLSA-mandated one-and-one-half times their regular rates of pay, in any given workweek, and during each and every workweek during which they worked for America's Best Tire.

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

58.     Although Defendants permitted and/or required the Collective Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40).

59.     The Collective Members perform or have performed the same or similar work as the Plaintiffs.

60.     The Collective Members regularly work or have worked in excess of forty (40) hours during a given workweek.

61.     The Collective Members are not exempt from receiving overtime pay.

62.     As such, the Collective Members are similar, if not identical, to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime pay.

63.     Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Collective Members.

64.     The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the Collective Members.

65.     While Plaintiffs and Defendants have described Plaintiffs' and the Collective Members' job title as tire porters, crew members and/or tire technicians, the specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

66.     All class members, irrespective of their particular job requirements and job titles, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

67.     Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

68.     As such, Plaintiffs bring their FLSA overtime claims as a collective action on behalf of the following class:

> **The FLSA Collective Members are all of Defendants' current and former tire porters, crew members and/or tire technicians– employees who worked for Defendants, and who were compensated on an hourly basis, and who were not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek, at any time starting <u>three years before this lawsuit was filed up to the present</u>.**

69.     Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees under the FLSA.

70.     Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium of not less than one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per workweek.

71.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

72.     This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

73.     Upon information and belief, the individuals similarly situated to Plaintiffs include more than fifty (50) employees currently and/or formerly employed by Defendants, and Plaintiffs are unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession or control, but it can be readily ascertained from their employment records and the records of its payroll processor.

74.     Notice can be provided to the Collective Members via first class mail to the last address known to Defendants, via email at the last known email address known to Defendants, and via telephone at the last known telephone number known to Defendants.

## FACTUAL ALLEGATIONS

75.     Defendants own and/or operate as America's Best Tire, an enterprise located in Maricopa County, Arizona.

76.     America's Best Tire is an Arizona business that sells or otherwise distributes new and used automobile tires to consumers.

77.     **Plaintiff Deoncea O'Neal**:

a.      On or around May 2012, Plaintiff O'Neal began employment with America's Best Tire as a tire porter and/or crew member, performing various repetitive tasks such as cashiering, installing tires on cars, washing and painting tires, stacking tires in the yard, organizing tires, cleaning the shop, doing yard work, and generally helping customers.

b.      Plaintiff O'Neal was not a manager. Plaintiff O'Neal did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess the authority to make critical job

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

decisions with respect to any America's Best Tire employee, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matter of significance.

c.     Plaintiff O'Neal's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise.

d.     From May 2012 until December 2014, Plaintiff O'Neal was paid a rate of $9.00 per hour.

e.     From the commencement of Plaintiff O'Neal's employment in May 2012, he was a non-exempt employee.

f.     From May 2012 until December 2014, Defendants failed to properly compensate Plaintiff O'Neal for his overtime hours.

g.     Plaintiff O'Neal routinely worked with knowledge of Defendants, and often at Defendants' request, in excess of 40 hours per week during his tenure at America's Best Tire.

h.     Specifically, during his employment, Plaintiff O'Neal routinely worked in excess of 70 hours per week and was not paid the premium one-and-one-half times his regular rate as required under the FLSA for hours worked over 40 in a workweek.

i.     In a given workweek, and during each and every workweek, of Plaintiff O'Neal's employment with Defendants, Plaintiff O'Neal worked between approximately five (5) and forty (40) hours of overtime without

being compensated at one-and-one-half times his regular rate of pay for such time worked.

j.      Plaintiff O'Neal worked more than forty (40) hours in a given workweek without being compensated for the overtime hours worked during that workweek.

k.      For example, during workweek of June 13, 2014, Plaintiff O'Neal worked approximately 35 hours of overtime without being compensated at one-and-one-half times his regular rate of pay for such time worked.

78.   **Plaintiff Ryan White**:

a.      On or around April 2012, Plaintiff White began employment with America's Best Tire as a tire porter and/or crew member, performing various repetitive tasks such as cashiering, installing tires on cars, washing and painting tires, stacking tires in the yard, organizing tires, cleaning the shop, doing yard work, and generally helping customers.

b.      Plaintiff White was not a manager. Plaintiff White did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess the authority to make critical job decisions with respect to any America's Best Tire employee, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matter of significance.

c.      Plaintiff White's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise.

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

d.      From April 2012 until February 2014, Plaintiff White was paid a rate of $9.25 per hour.

e.      From the commencement of Plaintiff White's employment in April 2012, he was a non-exempt employee.

f.      From April 2012 until February 2014, Defendants failed to properly compensate Plaintiff White for his overtime hours.

g.      Plaintiff White routinely worked with knowledge of Defendants, and often at Defendants' request, in excess of 40 hours per week during his tenure at America's Best Tire.

h.      Specifically, during his employment, Plaintiff White routinely worked in excess of 70 hours per week and was not paid the premium one-and-one-half times his regular rate as required under the FLSA for hours worked over 40 in a workweek.

i.      In a given workweek, and during each and every workweek, of Plaintiff White's employment with Defendants, Plaintiff White worked between approximately five (5) and forty (40) hours of overtime without being compensated at one-and-one-half times his regular rate of pay for such time worked.

j.      Plaintiff White worked more than forty (40) hours in a given workweek without being compensated for the overtime hours worked during that workweek.

k.      For example, during workweek of January 15, 2014, Plaintiff White worked between five and twenty-five hours of overtime without being

ZOLDAN LAW GROUP, PLLC

8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

compensated at one-and-one-half times his regular rate of pay for such time worked.

79.     Plaintiffs and the Collective Members are covered employees within the meaning of the FLSA.

80.     Plaintiffs and the Collective Members were non-exempt employees.

81.     Defendants refused and/or failed to properly disclose to or apprise Plaintiffs and the Collective Members of their rights under the FLSA.

82.     America's Best Tire wrongfully withheld wages from Plaintiffs and the Collective Members by failing to pay all wages due for hours Plaintiffs and the Collective Members worked.

83.     From the beginning of Plaintiffs' and the Collective Members' employment through the present day, Defendants failed to properly compensate Plaintiffs and the Collective Members for any of their overtime hours. During each and every workweek during which Plaintiffs and the Collective Members worked for Defendants, they worked approximately forty-five (45) to eighty (80) hours per week, including routinely working through lunch periods, after regular business hours, and on the weekends, for which time Defendants failed to accurately record Plaintiffs' and the Collective Members' time worked while suffering or permitting them to work nonetheless.

84.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs and the Collective Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, would violate federal, and Defendants were aware of the FLSA overtime wage requirements during

Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

85.     As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime wage rate for such hours worked, Defendants have violated 29 U.S.C. § 207(a).

86.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs and the Collective Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek.

87.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' and the Collective Members' work and wages at all relevant times.

88.     Due to Defendants' illegal wage practices, Plaintiffs and the Collective Members are entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE AND/OR REFUSAL TO PAY OVERTIME

89.     Plaintiffs, on behalf of themselves and the Collective Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

90.     Plaintiffs and the Collective Members were non-exempt employees entitled to the statutorily mandated overtime wages.

91.     While employed by Defendants, Plaintiffs and the Collective Members worked tens of hours of overtime per week each and every workweek for which they

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

worked for Defendants, and Defendants did not pay to Plaintiffs and the Collective Members one-and-one-half times their regular rate of pay for such time.

92.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs and the Collective Members overtime according to the provisions of the FLSA.

93.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiffs and the Collective Members in accordance with 29 U.S.C. § 207.

94.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs and the Collective Members overtime according to the provisions of the FLSA.

95.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and the Collective Members in accordance with 29 U.S.C. § 207.

96.    Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

97.    As a result of Defendants failure or refusal to pay Plaintiffs and the Collective Members a wage equal to one and one half times Plaintiffs' and the Collective Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiffs and the Collective Members are therefore entitled to compensation of one-and-one-half times their

regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Deoncea O'Neal and Ryan White, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief in Plaintiffs' and the Collective Members' favor, and against Defendants:

A.   Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.   For the Court to declare and find that the Defendants committed one or more of the following acts:

i.   violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

ii.   willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

C.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiffs' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

F.      For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

G.      Such other relief as this Court shall deem just and proper.

### JURY TRIAL DEMAND

Plaintiffs and the Collective Members hereby demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 11th Day of January 2016.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Michael Zoldan
     8100 E. Indian School Road
     Suite 103
     Scottsdale, AZ 85251
     Attorneys for Plaintiffs

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

1   Michael Zoldan; AZ Bar No. 028128
2   Jason Barrat; AZ Bar No. 029086
    ZOLDAN LAW GROUP, PLLC
3   8100 E. Indian School Road
    Suite 103
4   Scottsdale, Arizona 85251
    Tel & Fax: 480.442.3410
5   mzoldan@zoldangroup.com
    jbarrat@zoldangroup.com
6   Attorneys for Plaintiffs

7                    UNITED STATES DISTRICT COURT

8                        DISTRICT OF ARIZONA

9
    Deoncea  O'Neal  and  Ryan  White,
10  Individually,  and  on  Behalf  of  All Others     No. _____
    Similarly Situated,
11
                              Plaintiffs,              **PLAINTIFF RYAN WHITE'S**
12                                                     **CONSENT TO JOIN COLLECTIVE**
                                                       **ACTION AS NAMED PLAINTIFF**
13          vs.

14  **America's Best Tire, LLC**, an Arizona
    limited  liability  company;  **Camelback**
15  **Automotive  Repair,  LLC**,  an  Arizona
    limited  liability  company;  **American's**
16  **Best Tire Grand, LLC**, an Arizona limited
    liability  company;  **America's  Best  Tire**
17  **Glendale,  LLC**,  an  Arizona  limited
    liability  company;  **America's  Best  Tire**
18  **203,  LLC**,  an  Arizona  limited  liability
    company; **America's Best Tire 101, LLC**,
19  an  Arizona  limited  liability  company;
    **America's  Best  Employment  Services,**
20  **LLC**,  an  Arizona  limited  liability
    company;  **America's  Best  Wholesale**
21  **Tire, LLC**, an Arizona limited liability
    company;  **America's  Best  Tire  Mesa,**
22  **LLC**,  an  Arizona  limited  liability
    company; **America's Best Transportation**
23  **Services, LLC**, an Arizona limited liability
    company;  **America's  Best  Tire  Peoria,**
24  **LLC**,  an  Arizona  limited  liability
    company; **America's Best Tire Buckeye,**
25  **LLC**,  an  Arizona  limited  liability
    company;  **America's  Best  Tire  Van**
26  **Buren, LLC**, an Arizona limited liability
    company; **America's Best Wholesale Tire**
27  **Tucson, LLC**, an Arizona limited liability
    company; **America's Best Tire Wholesale**

                                    -1-

1   **Tire LV, LLC**, an Arizona limited liability company; **AZ Best Automotive, LLC**, an
2   Arizona limited liability company; **AZ Best Tire 4097, LLC**, an Arizona limited
3   liability company; **Arizona Best Tire Services, LLC**, an Arizona limited liability
4   company; **AZ Best Tire 3902, LLC**, an Arizona limited liability company; **AZ Best
5   Tire, LLC**, an Arizona limited liability company; **AZ Best Tire 7048, LLC**, an
6   Arizona limited liability company; **AZ Best Tire 8334, LLC**, an Arizona limited
7   liability company; **Arizona Best Mobile Tire Services, LLC**, an Arizona limited
8   liability company; **AZ Best Tire & Auto 1355, LLC**, an Arizona limited liability
9   company; **AZ Best Tire 5201, LLC**, an Arizona limited liability company; **Travis
10  M. Dees and Jane Doe Dees**, husband and wife, Arizona residents; **Andrew Dees and
11  Jane Doe Dees**, husband and wife, Arizona residents,

12  |                                        Defendants.

13

14

15          I, Deoncea O'Neal, do hereby consent to be a party plaintiff to the above-entitled

16  action. I have read the complaint to be filed in the United States District Court for the

17  District of Arizona, Phoenix Division, and authorize my attorney, Zoldan Law Group

18  PLLC to file the complaint on my behalf and for other employees similarly situated.

19

20  _____                        _____
21  Deoncea O'Neal                                         Date

22

23

24

25

26

27

-2-

Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Road
Suite 103
Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Deoncea O'Neal and Ryan White, Individually, and on Behalf of All Others Similarly Situated, | No. _____ |
| Plaintiffs, | **PLAINTIFF RYAN WHITE'S CONSENT TO JOIN COLLECTIVE ACTION AS NAMED PLAINTIFF** |
| vs. | |
| **America's Best Tire, LLC**, an Arizona limited liability company; **Camelback Automotive Repair, LLC**, an Arizona limited liability company; **American's Best Tire Grand, LLC**, an Arizona limited liability company; **America's Best Tire Glendale, LLC**, an Arizona limited liability company; **America's Best Tire 203, LLC**, an Arizona limited liability company; **America's Best Tire 101, LLC**, an Arizona limited liability company; **America's Best Employment Services, LLC**, an Arizona limited liability company; **America's Best Wholesale Tire, LLC**, an Arizona limited liability company; **America's Best Tire Mesa, LLC**, an Arizona limited liability company; **America's Best Transportation Services, LLC**, an Arizona limited liability company; **America's Best Tire Peoria, LLC**, an Arizona limited liability company; **America's Best Tire Buckeye, LLC**, an Arizona limited liability company; **America's Best Tire Van Buren, LLC**, an Arizona limited liability company; **America's Best Wholesale Tire Tucson, LLC**, an Arizona limited liability company; **America's Best Tire Wholesale** | |

1 | **Tire LV, LLC**, an Arizona limited liability company; **AZ Best Automotive, LLC**, an Arizona limited liability company; **AZ Best Tire 4097, LLC**, an Arizona limited liability company; **Arizona Best Tire Services, LLC**, an Arizona limited liability company; **AZ Best Tire 3902, LLC**, an Arizona limited liability company; **AZ Best Tire, LLC**, an Arizona limited liability company; **AZ Best Tire 7048, LLC**, an Arizona limited liability company; **AZ Best Tire 8334, LLC**, an Arizona limited liability company; **Arizona Best Mobile Tire Services, LLC**, an Arizona limited liability company; **AZ Best Tire & Auto 1355, LLC**, an Arizona limited liability company; **AZ Best Tire 5201, LLC**, an Arizona limited liability company; **Travis M. Dees and Jane Doe Dees**, husband and wife, Arizona residents; **Andrew Dees and Jane Doe Dees**, husband and wife, Arizona residents,

Defendants.

I, Ryan White, do hereby consent to be a party plaintiff to the above-entitled action. I have read the complaint to be filed in the United States District Court for the District of Arizona, Phoenix Division, and authorize my attorney, Zoldan Law Group PLLC to file the complaint on my behalf and for other employees similarly situated.

_____          1/8/16
Ryan White                                Date

-2-