Karen L. Karr (014501)
**CLARK HILL PLC**
14850 North Scottsdale Road, Suite 500
Scottsdale, Arizona 85254
Telephone:    (480) 684-1100
Facsimile:    (480) 684-1168
Email:    kkarr@clarkhill.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deoncea O'Neal, et al., | No. 2:16-cv-00056-ESW |
| Plaintiffs, | |
| vs. | **MOTION FOR** |
| America's Best Tire LLC, et al., | **SUMMARY JUDGMENT** |
| Defendants. | |

Pursuant to Rule 56, Federal Rules of Civil Procedure, Defendants America's Best Employment Services LLC, America's Best Tire LLC ("ABT"), America's Best Tire 203 LLC, America's Best Tire Buckeye LLC, America's Best Tire Glendale LLC, America's Best Tire Grand LLC, America's Best Tire Mesa LLC, America's Best Tire Peoria LLC, America's Best Tire Van Buren LLC, America's Best Transportation Services LLC, America's Best Wholesale Tire LLC, America's Best Wholesale Tire LV LLC, America's Best Wholesale Tire Tucson LLC, Camelback Automotive Repair LLC, and Travis Dees (collectively "Moving Defendants") seek summary judgment in this matter.  The undisputed facts demonstrate that Plaintiffs were employed by America's Best Tire LLC since September 2013, and that said company has paid them in full.  Therefore, their claim is moot and Judgment should be entered in favor of all Moving Defendants.

An appropriate Statement of Facts accompanies this Motion.

Respectfully submitted this 16th day of March, 2016.

**CLARK HILL PLC**

By  /s/Karen L. Karr
      Karen L. Karr
      *Attorneys for Defendant*


<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.    FACTUAL BACKGROUND AND ALLEGATIONS

In September 2013, Defendant America's Best Tire LLC ("ABT") purchased certain tire stores in Phoenix, Arizona.  [SOF 1.1, 1.2]  At the time of the purchase, Plaintiffs Deoncea O'Neal and Ryan White were working at one or more of the stores, and ABT retained them as employees after the purchase.  [SOF 1.3] Plaintiffs brought this claim seeking overtime compensation.  ABT was the employer of White and O'Neal from the time of purchase through the end of their respective employment terms.  [SOF 1.4]

For purposes of this Motion only, ABT admits that Plaintiffs are non-exempt employees, and that under the Fair Labor Standards Act (FLSA), they were entitled to payment at one and a half times their regular rate of pay if they worked more than 40 hours in a workweek.

For the entire period it employed Plaintiffs, ABT paid them straight time for all hours worked, including time that exceeded 40 hours in a workweek.  [SOF 1.5]

## II.    APPROPRIATE DAMAGES

ABT has summarized the hours worked by each Plaintiff.  Copies of all time cards used to create the summary have been provided to Plaintiffs, Bates No. ABT-0003 through ABT-0032 (White), and ABT-0036 through ABT-0110 (O'Neal).

### A.    Ryan White

Plaintiff Ryan White worked for ABT from September 2013 through mid-April, 2014.  [SOF 2.1]

During calendar year 2013, White worked 20.35 hours of overtime.  [SOF 2.2] During that time, his pay rate was $8.25 per hour.  [SOF 2.3]  The overtime premium represented by these hours is $83.94. [SOF 2.4]

From 1/1/14 through 1/26/14, White worked 19.33 hours of overtime.  [SOF 2.5] During that time, his pay rate was $8.25 per hour.  [SOF 2.6]  The overtime premium represented by those hours is $79.74. [SOF 2.7]

From 1/27/14 through the end of his employment in mid-April 2014, White worked 59.5 hours of overtime. [SOF 2.8]  During that time, his pay rate was $8.50 per hour. [SOF 2.9] The overtime premium represented by those hours is $252.88. [SOF 2.10]

The total amount of back pay due to White is $416.55. [SOF 2.11]

**B.     Deoncea O'Neal**

Plaintiff Deoncea O'Neal worked for ABT from September 2013 through mid-December 2014.  [SOF 3.1]

During calendar year 2013, O'Neal worked 35.07 hours of overtime.  [SOF 3.2] During that time, his pay rate was $8.25 per hour.  [SOF 3.3]  The overtime premium represented by these hours is $144.65. [SOF 3.4]

From 1/1/14 through 5/25/14, O'Neal worked 276.38 hours of overtime.  [SOF 3.5] During that time, his pay rate was $8.25 per hour.  [SOF 3.6]  The overtime premium represented by those hours is $1,140.07.  [SOF 3.7]

From 6/1/14 through 6/6/14, O'Neal worked 5.95 hours of overtime.  [SOF 3.8] During that time, his pay rate was $8.50 per hour.  [SOF 3.9]  The overtime premium represented by those hours is $25.29.  [SOF 3.10]

From 6/7/14 through the end of his employment, O'Neal worked 478.11 hours of overtime.  [SOF 3.11]  During that time, his pay rate was $9.00 per hour.  [SOF 3.12]  The overtime premium represented by those hours is $2,151.49.  [SOF 3.13]

The total amount of back pay due to O'Neal is $3,461.51.  [SOF 3.14]

C.      **Liquidated Damages**

Plaintiffs seek liquidated damages under the FLSA.  For purposes of this Motion only, Defendants admit that Plaintiffs are entitled to liquidated damages.  As demonstrated above, Plaintiff White is entitled to back wages in the total amount of $416.55, and Plaintiff O'Neal is entitled to back wages in the total amount of $3,461.51.  Liquidated damages for Plaintiff White would be an additional $416.55.  Liquidated damages for Plaintiff O'Neal would be an additional $3,461.51.

## III.   PAYMENT

Plaintiffs' claims are barred by payment.  The total amount of back wages due to O'Neal was paid by ABT before this lawsuit was filed.[1]  [SOF 4.3]  On March 14, 2016, ABT paid the additional amounts demonstrated by this Motion:  $3,461.51 in liquidated damages to O'Neal, $416.55 in back wages to White, and $416.55 in liquidated damages to White.  [SOF 4.1, 4.2, 4.4]

To the extent that payment is an affirmative defense that must be raised in an answer, Moving Defendants respectfully move to amend their answer to add such a defense.

## IV.    PLAINTIFFS' POTENTIAL CLAIMS HAVE BEEN SATISFIED IN FULL, AND THIS CASE IS MOOT AS TO MOVING DEFENDANTS.

To invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or "'personal stake,'" in the outcome of the action.  *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013).  Plaintiffs have been paid in full for any and all amounts that could be due and owing from Moving Defendants, or any of them, pursuant to the allegations of the Complaint.  [SOF 4.1 – 4.4]  Therefore, this case is moot, and judgment should be entered in Moving Defendants' favor.

---

[1] The amount actually paid was $3,501.68, which was an overpayment of $40.17. Defendant has not sought recoupment of that overpayment.

## V.   NO COLLECTIVE ACTION REMAINS.

If there is no case or controversy as to the named plaintiffs, an FLSA collective action cannot proceed.   *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013).   In that case, it was undisputed that the claim of the named plaintiff was moot.[2] The Court then considered whether a named plaintiff with a moot claim could continue with the collective action allegations of the Complaint, and found that a "straightforward application of well-settled mootness principles" compelled a negative answer.   *Id.*[3]

In *Genesis Healthcare*, the plaintiff sued under the FLSA on her own behalf and others similarly situated.   Because the FLSA is an "opt in" class, and because no class members had opted in at the time plaintiff's claim became moot, the Court held that the collective action could not proceed.

In the instant case, Plaintiffs White and O'Neal have been fully paid for any and all amounts they could possibly recover from any Moving Defendant.   Therefore, Plaintiffs' claims against Moving Defendants are moot.   As no case remains against any Moving Defendant, the collective action cannot continue against these defendants.

## VI.   CONCLUSION AND RELIEF REQUESTED

The only Moving Defendant to ever employ Plaintiffs was ABT.   Judgment should be entered on behalf of all other Moving Defendants for that reason.

In addition, Defendant ABT has paid Plaintiffs everything sought in their Complaint; this Court can order no other recovery.   Therefore, no case or controversy exists, and judgment should be entered on behalf of all Moving Defendants.

Moving Defendants respectfully seek judgment in their favor on all claims of Plaintiffs' Complaint, including collective claims.

---

[2] The court observed that the issue of whether a rejected Offer of Judgment mooted the named plaintiffs' case was not before it.   That issue is not relevant to this case.

DATED this 16th day of March, 2016.

**CLARK HILL PLC**

By____/s/ Karen L. Karr_____
    Karen L. Karr
    *Attorneys for Defendant*

I hereby certify that on March 16, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel who are CM/ECF registrants.

/s/ Deborah J Lukas_____

---

[3] While the Ninth Circuit has held that an unaccepted offer of judgment does not moot the claim of a named Plaintiff's action, that issue is not before this court. *Diaz v. First American Home Buyers Protection Corp.*, 732 F.3d 948, 952 (9th Cir. 2013).

204131375.1