Michael Zoldan; AZ Bar No. 028128
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 213
Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Deoncea O'Neil and Ryan White, Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**America's Best Tire, LLC**, an Arizona limited liability company; **Camelback Automotive Repair, LLC**, an Arizona limited liability company; **American's Best Tire Grand, LLC**, an Arizona limited liability company; **America's Best Tire Glendale, LLC**, an Arizona limited liability company; **America's Best Tire 203, LLC**, an Arizona limited liability company; **America's Best Tire 101, LLC**, an Arizona limited liability company; **America's Best Employment Services, LLC**, an Arizona limited liability company; **America's Best Wholesale Tire, LLC**, an Arizona limited liability company; **America's Best Tire Mesa, LLC**, an Arizona limited liability company; **America's Best Transportation Services, LLC**, an Arizona limited liability company; **America's Best Tire Peoria, LLC**, an Arizona limited liability company; **America's Best Tire Buckeye, LLC**, an Arizona limited liability company; **America's Best Tire Van Buren, LLC**, an Arizona limited liability company; **America's Best Wholesale Tire Tucson, LLC**, an Arizona limited liability company; **America's Best Tire Wholesale Tire LV, LLC**, an Arizona limited liability company; **AZ Best Automotive, LLC**, an | No. 2:16-cv-00056-DGC<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(Assigned to the Honorable David G. Campbell)** |

-1-

|   |   |
|---|---|
| 1 | Arizona limited liability company; **AZ Best Tire 4097, LLC**, an Arizona limited liability company; **Arizona Best Tire Services, LLC**, an Arizona limited liability company; **AZ Best Tire 3902, LLC**, an Arizona limited liability company; **AZ Best Tire, LLC**, an Arizona limited liability company; **AZ Best Tire 7048, LLC**, an Arizona limited liability company; **AZ Best Tire 8334, LLC**, an Arizona limited liability company; **Arizona Best Mobile Tire Services, LLC**, an Arizona limited liability company; **AZ Best Tire & Auto 1355, LLC**, an Arizona limited liability company; **AZ Best Tire 5201, LLC**, an Arizona limited liability company; **Travis M. Dees and Jane Doe Dees**, husband and wife, Arizona residents; **Andrew Dees and Jane Doe Dees**, husband and wife, Arizona residents, |

Defendants.

Pursuant to the Federal Rules of Civil Procedure (the "**Rules**"), Rule 56(d), Plaintiffs Deoncea O'Neal and Ryan White, by and through undersigned counsel, hereby submit their Response in Opposition to Defendants' America's Best Employment Services LLC, America's Best Tire LLC, America's Best Tire 203 LLC, America's Best Tire Buckeye LLC, America's Best Tire Glendale LLC, America's Best Tire Grand LLC, America's Best Tire Mesa LLC, America's Best Tire Peoria LLC, America's Best Tire Van Buren LLC, America's Best Transportation Services LLC, America's Best Wholesale Tire LLC, America's Best Wholesale Tire LV LLC, America's Best Wholesale Tire Tucson LLC, Camelback Automotive Repair LLC, and Travis Dees (collectively "Moving Defendants") Motion for Summary Judgment.

This is a lawsuit for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). Moving Defendants' Motion argues that Plaintiffs were employed only by America's Best Tire LLC, and that they have been paid in full. Defendants' alleged payment was, at best, an unaccepted settlement offer–a legal nullity, with no operative effect. Such payment cannot therefore moot Plaintiffs' claims. Furthermore, the extent to which Plaintiffs' employment was limited to America's Best Tire LLC and whether they have been paid in full subsequent to the filing and service of this lawsuit is an issue of fact and law that cannot be resolved without discovery.

Therefore, pursuant to basic principles of contract law and Rule 56(d), the Court should deny the Moving Defendants' premature motion because (1) Plaintiffs did not accept the Moving Defendants' offer to settle this matter and therefore still have a claim, and (2) Plaintiffs must be afforded the opportunity to engage in discovery to determine exactly which entities and individuals employed them and exactly the amount of damages to which Plaintiffs and the Collective Members are entitled. Based on the following Memorandum of Points and Authorities, the Declaration of Clifford P. Bendau, II, (*see* **Exhibit A**, attached hereto), the Declarations of Plaintiff Deoncea O'Neal and Ryan White filed contemporaneously with their Motion for Conditional Certification (*see* **Exhibits B** and **C**, respectively, attached hereto), and Plaintiffs' controverting statement of facts, summary judgment in favor of the Moving Defendants is improper.

/ /

/ /

## I.     INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs' Complaint alleges that all Defendants violated the FLSA by failing to pay them overtime for all time that they spent working for Defendants in excess of 40 hours in a given workweek. (Dkt. 1). Plaintiffs allege that all Defendants in this matter employed Plaintiffs and the Collective Members under the enterprise and joint employer doctrines from the inception of their employment with America's Best Tire[1] through the termination of their employment. (Dkt. 1 ¶¶ 18-46). Plaintiffs specifically allege that Defendants paid Plaintiffs and the Collective Members at their regular, "straight-time" rates of pay for all hours they spent working in excess of 40 in a given workweek, rather than the FLSA-mandated one and one-half times their regular rates of pay for such time. (Dkt. 1 ¶¶ 54-56). The Moving Defendants, in an attempt to moot this lawsuit, do not dispute these allegations. (Dkt. 19). Rather, they have essentially admitted their illegal conduct and sent checks to Plaintiffs' counsel in a blatant effort to sweep it under the proverbial rug. *Id.*[2] In essence, the Moving Defendants seek for summary judgment against themselves in an effort to avoid redressing the damages they have caused an entire class of low-wage-earning employees.

In addition to the overtime damages Defendants expressly acknowledge, however, Plaintiffs have further alleged that Defendants suffered or permitted Plaintiffs and the Collective Members to work while "off the clock," (Ex. B ¶¶ 21-22, Ex. C ¶¶ 20-21) and

---

[1] For simplicity purposes, all Defendants to this action shall be collectively referred to as either "America's Best Tire" or "Defendants" unless specified otherwise.
[2] Plaintiffs rejected such checks and neither cashed nor deposited them into their bank accounts. (Ex. A ¶¶ 12-13)

that Defendants failed to both (1) accurately tally such "straight time" overtime payments, (Ex. B ¶¶ 18-19, Ex. C ¶¶ 17-18), and (2) keep accurate records of such time that Plaintiffs and the Collective Members worked. (Dkt. 1 ¶ 83). Defendants' attempted payments do not account for these allegations. (Dkt. 20).

As outlined below, even assuming that the Moving Defendants had made an offer[3] that accounted for all of Plaintiffs' alleged damages–which they have not–, Plaintiffs did not accept such offers from Defendants. (Ex. A ¶¶ 12-13). Therefore, Plaintiffs still have an actionable claim pending, and the letter of the law clearly requires a finding that their case is not moot.

Furthermore, Discovery in this case is in its infancy. The Moving Defendants filed their Motion for Summary Judgment the day before the Scheduling Conference. This Court has not yet even issued a Scheduling Order. Plaintiffs must be afforded the opportunity to engage in discovery to determine exactly which entities and individuals employed them and exactly the amount of damages to which Plaintiffs and the Collective Members are entitled.

Because (1) Plaintiffs never accepted any offer tendered by the Moving Defendants, (2) Plaintiffs have not have an opportunity to conduct discovery into the identities of their employers and their amount of damages, and (3) this Court has not supervised and granted approval of any settlement in this matter, the Moving Defendants' Motion must be denied.

---

[3] The Moving Defendants describe such offers as "payments." (*See, e.g.*, Dkt. 19 4:9-13).

## II.  LEGAL ARGUMENT

**A. The Moving Defendants' alleged payment in full was in reality an unaccepted offer to settle, which under *Cambell-Ewald v. Gomez* has no legal effect, the Moving Defendants cannot force Plaintiffs to accept their offer by labeling it a "payment," and Plaintiffs clearly allege that they worked more time than that for which the Moving Defendants offered to settle.**

Plaintiffs rejected the Moving Defendants' original offer to settle. (Dkt. 20 at p. 23). They then rejected the Moving Defendants' offer of judgment. (Dkt. 20 at 17). Nevertheless, the Moving Defendants sent checks in what they, in their sole judgment, determined to be Plaintiffs' unpaid overtime damages. *Id.* Again, Plaintiffs rejected these checks. *Id.* Plaintiffs never cashed them nor deposited them into their bank accounts. Plaintiffs merely continued this lawsuit without accepting the Moving Defendants' repeated offers of settlement. Because Plaintiffs' rejection of the Moving Defendants' offers left the matter as if no offer had been made, the Moving Defendants' alleged "payment" is a legal nullity, and Plaintiffs must be allowed to pursue their claims both individually and on behalf of individuals similarly situated.

"[A]n unaccepted settlement offer has no force. Like other unaccepted contract offers, it creates no lasting right or obligation." *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663, 670 (2016) (adopting the analysis of Justice Kagan's dissent in *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 133, S.Ct. 1523 (2013)). "'When a plaintiff rejects such an offer–however good the terms–her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief. An unaccepted settlement offer– like any unaccepted contract offer–is a legal nullity, with no operative effect…the

recipient's rejection of an offer 'leaves the matter as if no offer had been made.'"" *Id.* (quoting Justice Kagan's dissent in *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 133, S.Ct. 1523 (2013)).

In their Motion for Summary Judgment, the Moving Defendants cite repeatedly and painstakingly to *Genesis Healthcare* for the proposition that "Plaintiffs' claims are barred by payment," (Dkt. 19), because "Plaintiffs have been paid in full for any and all amounts that could be due and owing from Moving Defendants, or any of them, pursuant to the allegations of the Complaint." (Dkt. 19, 4:21-23).

The Moving Defendants effort to differentiate their own conduct from the act of making a settlement offer falls flat–this is a clear case of an unaccepted or rejected offer, as painted in *Gomez*. The Moving Defendants paint themselves as having unilaterally "paid" Plaintiffs without Plaintiffs having actually accepted such amounts in satisfaction of their claims. (Dkt. 19, 4:9-13). However, Plaintiffs clearly rejected the offers. (Ex. A ¶¶ 12-13). There is no "accord and satisfaction." Had "payment" occurred, it would have been concurrently with Plaintiffs having earned such amounts. Rather, here, the Moving Defendants cannot place checks in front of Plaintiffs in order to retroactively "comply" with the law (subsequently, of course, to having been caught in the act of breaking it) and then unilaterally deem Plaintiffs as having been "paid."

Instead, Justice Kagan's in-depth analysis in her dissent in *Genesis Healthcare*, which again was adopted by the Supreme Court in *Gomez*, requires that Plaintiffs' claim continue *solely on the basis that they rejected the Moving Defendants' offers to settle.*

Take, for example, Justice Kagan's hypothetical scenario that paints an almost identical situation the subject matter at issue here:

> Now introduce a settlement offer into the picture: Assume that before the court finally decides whether to permit a collective action, the defendant proposes to pay Smith the value of her individual claim in exchange for her abandonment of the entire litigation. If Smith agrees, of course, all is over; like any plaintiff, she can assent to a settlement ending her suit. But assuming Smith does not agree, because she wishes to proceed on behalf of other employees, could the offer ever succeed in mooting her case? I have already shown that it cannot do so in the circumstances here, where the defendant makes an offer, the plaintiff declines it, and nothing else occurs: On those facts, Smith's claim is as it ever was, and the lawsuit continues onward. But suppose the defendant additionally requests that the court enter judgment in Smith's favor–though over her objection–for the amount offered to satisfy her individual claim. Could a court approve that motion and then declare the case over on the ground that Smith has no further stake in it? That course would be less preposterous than what the court did here; at least Smith, unlink Symczyk, would get some money. But it would be impermissible as well…
>
> No more in a collective action brought under the FLSA than in any other class action may a court, prior to certification, eliminate the entire suit by acceding to a defendant's proposal to make only the named plaintiff whole. That course would short-circuit a collective action before it could begin, and thereby frustrate Congress's decision to give FLSA plaintiffs "the opportunity to proceed collectively"…It is our Plaintiff Smith's choice, and not the defendant's or the court's, whether satisfaction of her individual claim, without redress of her viable classwide allegations, is sufficient to bring the lawsuit to an end.

*Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. at 1535–36 (Kagan, J., dissenting) (internal citations omitted).

The facts are simple: the Moving Defendants made multiple settlement offers to Plaintiffs, and Plaintiffs rejected those offers. The Moving Defendants never "paid" Plaintiffs. Because Plaintiffs rejected the Moving Defendants' settlement offers, Plaintiffs' claims continue to possess a legally cognizable interest, and *Gomez* requires that this Court allow this matter to continue.

Regardless, even assuming the law required the opposite result–that an offer that accounted for all of Plaintiffs' alleged damages *did* moot Plaintiffs' claims–Plaintiffs clearly allege damages in addition to those offered by Defendants (i.e., required "off-clock" work in and shoddy recordkeeping). (Ex. B ¶¶ 18-19, 21-22, Ex. C ¶¶ 17-18, 20-21), (Dkt. 1 ¶ 83). Therefore, even under the Moving Defendants' theory, there still remain additional damages for which the Moving Defendants did not account in their offers, and Plaintiffs' claims must continue.

### B. Pursuant to Rule 56(d), this Court should allow Plaintiffs additional time to take discovery to determine the identities of their employers and the amounts to which Plaintiffs and the Collective Members are properly entitled because Plaintiffs clearly allege that they worked in excess of the amount of time for which the Moving Defendants offered to settle.

If facts exist that are unavailable to the party opposing the motion for summary judgment, and the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d); *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986).

To prevail under this rule, "[t]he requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment. *Family Home Finance Center, Inc. v. Federal Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). When a summary judgment motion is filed before a party has had

any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(d) motion fairly freely. *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Rock Reservation*, 323 F.3d 767, 773 (9th Cir. 2003), and a district court must continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment. [4] *Spear v. United States*, CIV. 11-1742-PHX0PGR, 2012 WL 2029747 (D. Ariz. June 6, 2012); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

The Moving Defendants' Motion relies heavily upon *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 133, S.Ct. 1523 (2013) for the proposition that "Plaintiffs' claims are barred by payment" on the grounds that under *Genesis Healthcare*, "[t]o invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome of the action." (Dkt. 19, 4:19-20). The Moving Defendants' effort to misconstrue a settlement offer into "payment" aside, they rely most heavily upon a declaration that purports to establish the authenticity of Microsoft Excel spreadsheets in ascertaining the exact number of hours of overtime that Plaintiffs worked. (Dkt. 20). This method is ludicrous. Even assuming that such time cards exist, Plaintiffs are entitled to discovery on this issue because they have clearly

---

[4] ("Although Rule 56([d]) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'") (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). *Spear v. United States*, CIV. 11-1742-PHX-PGR, 2012 WL 2029747 (D. Ariz. June 6, 2012).

alleged additional damages. (Ex. B ¶¶ 18-19, 21-22, Ex. C ¶¶ 17-18, 20-21), (Dkt. 1 ¶ 83).

Furthermore, here, the Moving Defendants attempt to flip the pleading standard on its head by requesting that the Court ignore the truth of Plaintiffs' well-pled allegations and take the "facts" in their motion as the truth. Such a maneuver is exactly what Rule 56(d) is designed to prevent: to avoid manipulation of the pleading standard by providing parties with a full opportunity to conduct discovery. Because Plaintiffs have not had that opportunity, the Moving Defendants' Motion should be denied.

Given the hasty filing of the Moving Defendants' Motion, the Plaintiffs are unable to oppose the Motion on the facts because the Parties have not engaged in any discovery whatsoever. (**Ex. A** ¶¶ 5-7). For example, Plaintiffs have not had an opportunity to conduct discovery concerning, for example:

    a. Whether and to what extent Defendants required and/or allowed Plaintiffs and the Collective Members to work while "off the clock";

    b. The actual amounts of money contained in the cash payments paid to Plaintiffs and the Collective Members for time worked in excess of 40 hours in a given workweek, as alleged in the Complaint;

    c. The adequacy and accuracy of the employment, time, and compensation records that the Defendants kept in regard to Plaintiffs' and the Collective Members' employment with America's Best Tire.

(**Ex. A** ¶ 7). Because Plaintiffs have not had an opportunity to conduct discovery into the above topics, they have not had an opportunity to present evidence to demonstrate that

their damages exceed those offered by the Moving Defendants. (**Ex. A ¶** 9). This information is critical to opposing the instant Motion.

In order to seek the information they require to oppose the Moving Defendants' Motion, Plaintiffs will serve written discovery requests and intend to depose the managing members and owners of America's Best Tire. At this early stage in the litigation process, Plaintiff has not had the opportunity to conduct discovery into these matters but intend to do so diligently according to the Rule 16 Scheduling Order, once it has been issued by the Court.

Although Mr. Dees' Declaration generally claims that the accompanying spreadsheet he provides accounts for all overtime hours that Plaintiffs worked for the Moving Defendants, Plaintiffs must be afforded an opportunity to conduct discovery to dispute (or confirm) the veracity of Mr. Dees' Declaration including the fact upon which he relied in making the Declaration. Plaintiffs have yet to serve any written discovery related to the unpaid wages that the Moving Defendants owe them. (**Ex. A ¶** 5). Plaintiffs have not had the opportunity to depose any corporate representatives of the Moving Defendants. (**Ex. A ¶** 5). Because Plaintiffs have not had sufficient opportunity to conduct discovery, the Moving Defendants' Motion is premature and must be denied.

/ /

/ /

**C. Defendants' attempt to moot this claim controverts the Congress' clear intent in drafting the FLSA, and, even if Plaintiffs *had* accepted Defendants' offer, because this Court has not given FLSA-mandated approval of the Moving Defendants' alleged payment in full, such a settlement would be unenforceable under the FLSA.**

The Moving Defendants cannot claim that Plaintiffs have accepted their offer and that this case is moot because the Court has not given FLSA-mandated approval after of any settlement in this matter after scrutinizing it for fairness. This is because no settlement of this matter exists. Plaintiffs' claims continue because, in the context of a private action for back wages, they cannot waive their FLSA rights without court approval.

"FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). Under *Lynn's Food Stores, Inc. v. United States*, there are only two ways in which back wage claims under the FLSA can be settled or compromised by employees: (1) under 29 U.S.C. § 216(c), the Secretary of Labor can supervise payment to employees of unpaid wages owing to them, or (2) under 29 U.S.C. § 216(b), when an employee brings a private action for back wages and presents a proposed settlement to the district court, that district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

Here, there has been no settlement agreement. Plaintiffs never agreed to accept the money that the Moving Defendants sent in desperation to Plaintiffs' counsel upon rejection of their previous offers. As shown above, even if Plaintiffs had accepted such

-13-

checks, such a hypothetical "settlement" would not be valid absent approval of this Court. Therefore, the Court must allow Plaintiffs' claims to continue.

RESPECTFULLY SUBMITTED this 15th Day of April 2016.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Attorney for Plaintiffs

**Certificate of Service**

I certify that on this 15th Day of April 2016 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Karen L. Karr
CLARK HILL PLC
14850 N. Scottsdale Rd., Ste. 500
Scottsdale, AZ 85254
Attorneys for Travis Dees Defendants

Brad A. Denton
DENTON PETERSON, P.C.
1930 E. Arboleda Rd., Ste. 200
Mesa, AZ 85213
Attorneys for Andrew Dees Defendants

/s/*Clifford P. Bendau II*