**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deoncea O'Neal, et al., | No. CV-16-00056-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| America's Best Tire LLC, et al., | |
| Defendants. | |

This case involves a dispute as to whether Defendants, a group of tire stores and their individual owners, violated the Fair Labor Standards Act ("FLSA") by failing to pay their tire porters, crew members, and tire technicians the statutory premium for overtime work. Defendants made an offer of judgment to the named Plaintiffs, who rejected the offer and elected instead to pursue a collective action. One group of defendants, the Travis Dees Defendants (hereinafter "Defendants"),[1] now moves for an order requiring Plaintiffs to post a bond or other security to ensure payment of costs in the event that Defendants are the prevailing party. Doc. 44. The motion has been fully briefed (Docs. 46, 49) and no party has requested oral argument. For the reasons that follow, the Court will deny the motion.

While "[t]here is no specific provision in the Federal Rules of Civil Procedure relating to security for costs," "federal district courts have inherent power to require

---

[1] The Travis Dees Defendants are Travis Dees and his fourteen companies. *See* Doc. 36 at 2, n.3.

plaintiffs to post security for costs." *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994) (citation omitted). However, "a federal court's discretion to require security for costs should not be exercised in a manner that interferes with the policy of the underlying federal statute." 10 Fed. Prac. & Proc. Civ. § 2671 (3d ed.). Of particular relevance here, one federal court has expressed "grave doubts" as to whether a plaintiff in an FLSA action can be required to post security for costs. *Cornacchio v. Coniglio*, 7 F.R.D. 749, 750 (E.D.N.Y. 1947).

The Court shares these concerns. The FLSA was enacted to protect the health and well-being of low-income workers. 29 U.S.C. § 202. Because these workers generally have little in the way of savings, even a modest security requirement might stand as an obstacle to their exercise of their statutory rights. Any such requirement would risk contravening the FLSA's "broad remedial purposes," *Lambert v. Ackerley*, 180 F.3d 997, 1012 (9th Cir. 1999), as well as the judicial policy that "indigent litigants [not be] completely prohibited from seeking judicial relief," *Rumbough v. Equifax Info. Servs., LLC*, 464 F. App'x 815, 817 (11th Cir. 2012) (citation and quotation marks omitted).

The fact that Defendants have made an offer of judgment to the named Plaintiffs does not change this analysis. The FLSA gives an employee the right to proceed "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216. Requiring an employee to post security for costs, or else forego the right to proceed in a collective action, would "frustrate Congress's decision to give FLSA plaintiffs the opportunity to proceed collectively." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1536 (2013) (Kagan, J., dissenting) (citation and quotation marks omitted).

Even assuming that it might in some circumstances be appropriate to require an FLSA plaintiff to post security for costs, Defendants fail to show that it would be appropriate here. In deciding similar issues, courts have considered such factors as "the probability of plaintiff's success on the merits, the background and purpose of the suit, and the reasonableness of amount of the posted security viewed from the perspective of both plaintiff and defendant." *Ehm v. Amtrak Bd. of Directors*, 780 F.2d 516, 517 (5th

Cir. 1986) (citing *Aggarwal v. Ponce Sch. of Med.*, 745 F.2d 723, 727-28 (1st Cir. 1984)). Defendants have not shown that Plaintiffs are unlikely to succeed on the merits. They argue that the named Plaintiffs are unlikely to obtain damages beyond those included in the offer of judgment, but they ignore entirely the prospect that Plaintiffs might succeed on the merits by proving their collective action claims. Doc. 44 at 3. As explained, the nature of this suit militates against an order requiring Plaintiffs to post security for costs. Finally, Defendants offer no evidence that the amount of security they seek is necessary to prevent them from suffering significant harm.

**IT IS ORDERED** that Defendants' motion for security for costs (Doc. 44) is **denied**.

Dated this 25th day of July, 2016.

_____
David G. Campbell
United States District Judge